UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LAWRENCE HARRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 16-CV-629-CVE-FHM |
| | ) |
| OKLAHOMA CITY BLUE, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Now before the Court are plaintiff's complaint (Dkt. # 1) and motion for leave to proceed in forma pauperis (Dkt. # 2). Plaintiff, appearing pro se, has filed a complaint (Dkt. # 1) alleging claims based on his desire to play for a semi-pro basketball team based in Oklahoma City, Oklahoma. Plaintiff is proceeding pro se and, consistent with Supreme Court and Tenth Circuit precedent, the Court will construe his pro se pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002).

Plaintiff has filed a series of lawsuits against the Oklahoma City Blue (formerly known as the Tulsa 66ers) and all of the lawsuits have been dismissed. Lawrence Harris v. Gregory K. Frizzell, 16-CV-605-TCK-PJC (N.D. Okla.) (dismissed for lack of subject matter jurisdiction); Lawrence Harris v. Oklahoma City Blue et al., 16-CV-519-GKF-TLW (N.D. Okla.) (dismissed as frivolous); Lawrence Harris v. Judge Eagan, 13-CV-752-GKF-FHM (N.D. Okla) (dismissed for lack of subject matter jurisdiction); Lawrence Harris v. Tulsa 66ers, 13-CV-699-CVE-TLW (N.D. Okla.) (dismissed for lack of subject matter jurisdiction); Lawrence Harris v. PBC NBA DL, LLC et al., 13-CV-655-CVE-PJC (N.D. Okla.) (dismissed for lack of subject matter jurisdiction); Lawrence Harris v. PBC NBADL, LLC, 10-CV-782-CVE-FHM (N.D. Okla.) (dismissed for lack

of subject matter jurisdiction). In this case, plaintiff alleges that he was subject to harassment and that he was the victim of false advertising, and he claims that he was given $150 of his tryout money back. Dkt. # 1, at 2. He alleges that there is "federal or state subject matter jurisdiction" over his claims, but he does not cite any basis for federal jurisdiction. Id. Plaintiff seeks $75,000 in money damages. Id. at 3.

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005); Penteco Corp. Ltd. Partnership--1985A v. Union Gas System, Inc., 929 F.2d 1519, 1521 (10th Cir. 1991). The party invoking federal jurisdiction has the burden to allege jurisdictional facts demonstrating the presence of federal subject matter jurisdiction. McNutt v. General Motors Acceptance Corp. of Indiana, Inc., 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case."); Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction."). The Court has an obligation to consider whether subject matter jurisdiction exists, even if the parties have not raised the issue. The Tenth Circuit has stated that "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006).

The complaint alleges that all parties are citizens of Oklahoma, and there is no basis for the Court to exercise diversity jurisdiction over this case. The Court will consider whether plaintiff's complaint could be construed to allege a claim arising under federal law. Generally, the

"well-pleaded complaint" rule requires that the federal question appear on the face of the plaintiff's properly pleaded complaint. See Garley v. Sandia Corp., 236 F.3d 1200, 1207 (10th Cir. 2001) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.")(citing Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)). "The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." Martinez v. United States Olympic Comm., 802 F.2d 1275, 1280 (10th Cir. 1986)).

The Court has determined, sua sponte, that dismissal of plaintiff's claims against defendant is warranted for lack of subject matter jurisdiction. The Court has considered plaintiff's pro se status and has liberally construed the allegations of the complaint, and the Court finds no basis to exercise federal question jurisdiction over this case. Plaintiff cites no federal statute and he does not allege that his constitutional rights were violated, and his complaint cannot be construed to contain a claim under 42 U.S.C. § 1983. Plaintiff's complaint makes no reference to any federal law, and the complaint cannot reasonably be construed to allege a claim supporting the exercise of federal question jurisdiction. This case suffers from the same jurisdictional defects as plaintiff's prior lawsuits and this case should be dismissed for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED** that the complaint (Dkt. # 1) is hereby **dismissed without prejudice**. A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Dkt. # 2) is **moot**.

3

**DATED** this 12th day of October, 2016.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE